# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

BALJIT S. NANDA,

        Plaintiff,

vs.

PHILLIPS 66 COMPANY,

        Defendants.

No.

Jury Demanded

## COMPLAINT

Plaintiff, Baljit S. Nanda ("Nanda"), for his Complaint against Defendant Phillips 66 Company ("Phillips 66"), alleges as follows:

## INTRODUCTION

1. Nanda is a successful business man, with a keen interest and talent in owning and operating gas stations and accompanying convenience stores.

2. Through his various business entities and partnerships, Nanda has purchased, owned, operated, and sold dozens of gas stations across the United States.

3. Phillips 66 is a huge conglomerate with over fourteen thousand (14,000) employees.

4. Headquartered in Houston, Texas, a large part of Phillips 66's business operations involves the marketing and selling of fuel. At one time, Phillips 66 owned and operated (or leased out) numerous gas stations located throughout the country.

5. This lawsuit involves Phillips 66's breach of contractual obligations owed to

Nanda under an Asset Purchase and Sale Agreement (the "Agreement").

6. As explained in further detail below, Nanda and his related entities sold dozens of gas stations to Phillips 66.

7. A key provision in the Agreement gave Nanda an option to repurchase at least 30 gas stations from Phillips 66.

8. Nanda exercised his option right, but Phillips 66 refused to abide by its contractual obligations under the Agreement.

9. Nanda has been severely damaged and seeks redress through this action.

## PARTIES

10. Nanda is a citizen of Colorado.

11. Phillips 66 is a Delaware Corporation. Its principle place of business is Houston, Texas.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity of citizenship and the amount in controversy far exceeds $75,000.00.

13. Phillips 66 is subject to the *in personam* jurisdiction of this Court, and venue is proper herein, by virtue of the fact the claims asserted in this Complaint arose in substantial part in this District. In addition, the Parties agreed to submit to the jurisdiction and venue of this Court in the Agreement.

## ALLEGATIONS

14. Nanda and Phillips 66, along with others, entered into the Agreement on February 8, 2013.

15. Pursuant to the Agreement, Phillips 66 purchased seventy-eight (78) gas stations owned by Nanda and other entities. The gas stations are located in Kansas, Missouri, New Mexico, and Utah.

16. The purchase price paid by Phillips 66 was $111,317,314.00.

17. Having been successful in his past operation of gas stations, Nanda was interested in possibly repurchasing some of the gas stations sold to Phillips 66 under the Agreement.

18. Phillips 66 was agreeable to that possibility.

19. Nanda's interest and Phillips 66's agreement thereto was documented in the Agreement at § 5.16 titled "Purchase Option."

20. The Purchase Option set forth conditions under Nanda could purchase at least thirty gas stations located in the Kansas City, Missouri metropolitan area, identified as the "KC Stores."

21. Nanda had discussions with persons at Phillips 66 regarding his intention to purchase the KC Stores as allowed by the Purchase Option. In particular, Nanda had numerous conversations and communications with Matthew Fischer, the Manager of Business Development for Phillips 66.

22. Nanda provided timely, written notice of his intention to invoke the Purchase Option to Mr. Fischer and Phillips 66.

23. Nanda timely met all the conditions required under the Purchase Option to Mr. Fischer and Phillips 66 at Phillips 66's headquarters in Houston, Texas.

24. Nanda was ready, willing, and able to purchase the KC Stores within the time frame and parameters set forth in the Purchase Option.

25. Phillips 66, on the other hand, wrongly and unjustly breached its obligations under the Purchase Option and the Agreement.

26. Phillips 66's breach has caused Nanda substantial financial injury.

## COUNT I – BREACH OF CONTACT

27. Nanda reasserts the foregoing allegations as if fully set forth herein.

28. Pursuant to Purchase Option in the Agreement, Nanda had the option to purchase the KC Stores.

29. Nanda performed all of his obligations under the Agreement and Purchase Option.

30. Phillips 66 breached its obligations under the Agreement and Purchase Option.

31. As a result of Phillips 66's breach, Nanda has suffered extensive damages.

32. Nanda requests a jury determine the extent and amount of his damages.

WHEREFORE Nanda prays for judgment in his favor and against Phillips 66 in a fair and reasonable amount to compensate him for damages he has suffered and will suffer, as will be determined at trial before a jury, for his costs and disbursements in this action, including attorneys' fees and expenses, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

                                **EDGAR LAW FIRM LLC**


Dated: September 24, 2015         /s/ David W. Edgar
                                David W. Edgar # 41956
                                1850 Lincoln Street #1100
                                Denver, Colorado 80203
                                Telephone: (720) 529-0505

                                And

                                John M. Edgar
                                Michael D. Pospisil
                                1032 Pennsylvania Avenue
                                Kansas City, Missouri 64105
                                Telephone: (816) 531-0033