IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02108-KMT

BALJIT S. NANDA,

      Plaintiff,

vs.

PHILLIPS 66 COMPANY,

      Defendant.

---

## ANSWER TO COMPLAINT

---

Defendant Phillips 66 Company ("Phillips 66") by its attorneys, Holland & Hart LLP, states as follows for its Answer to the Complaint of Baljit S. Nanda ("Mr. Nanda"), filed September 24, 2015, in the above-captioned matter.

1. Denied for insufficient knowledge.

2. Denied for insufficient knowledge.

3. Phillips 66 admits it has approximately 14,000 employees and denies all other allegations in this paragraph.

4. Phillips 66 admits it is headquartered in Houston, Texas, part of its business includes the marketing and selling of fuel, and historically it has owned, operated, or leased service stations in the United States, and denies all other allegations in this paragraph.

5.   Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and denies all other allegations in this paragraph.

6.   Admitted.

7.   Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.  Phillips 66 denies all other allegations in this paragraph.

8.   Denied.

9.   Denied.

10.   Denied for insufficient knowledge.

11.   Admitted.

12.   Phillips 66 denies the alleged amount in controversy far exceeds $75,000, and denies for insufficient knowledge that there is complete diversity of citizenship.

13.   Admitted.

14.   Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.

15.   Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, which contains terms regarding the service stations purchased, and refers to the agreement for its content.  Phillips 66 admits that the service stations purchased under the Asset Purchase and Sale Agreement dated as of February 8, 2013 were located in Kansas, Missouri, New Mexico, and Utah.

16.  Admitted.

17.  Denied for insufficient knowledge.

18.  Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.  Phillips 66 denies all other allegations in this paragraph.

19.  Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.  Phillips 66 denies all other allegations in this paragraph.

20.  Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.  Phillips 66 denies all other allegations in this paragraph.

21.  Phillips 66 admits that Mr. Nanda spoke with Matthew Fischer regarding the purchase option, and denies all other allegations in this paragraph.

22.  Denied.

23.  Denied.

24.  Denied.

25.  Denied.

26.  Denied.

## COUNT 1 – BREACH OF CONTRACT

27.  Phillips 66 incorporates by reference the preceding paragraphs.

28.   Phillips 66 admits Mr. Nanda and Phillips 66, along with other entities, entered into an Asset Purchase and Sale Agreement dated as of February 8, 2013, and refers to the agreement for its content.  Phillips 66 denies all other allegations in this paragraph.

29.   Denied.

30.   Denied.

31.   Denied.

32.   This paragraph includes no factual allegations which must be admitted or denied. To the extent that it does, denied.

33.   Phillips 66 denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

1.   Mr. Nanda's claims are barred by the doctrines of laches, unclean hands, estoppel, waiver, release, or setoff.

2.   Mr. Nanda's claims are barred due to his failure to satisfy conditions precedent.

3.   Mr. Nanda's claims are barred in whole or part because his damages, if any, were not proximately caused by Phillips 66.

4.   Mr. Nanda's claims are barred in whole or part because his damages, if any, were caused by Mr. Nanda or by third parties over which Phillips 66 has no control.

5.   Mr. Nanda's claims are barred in whole or part because he has failed to mitigate his damages, if any.

6.   Granting Mr. Nanda the relief he requests will result in his unjust enrichment.

Dated:  October 14, 2015.

Respectfully submitted,


<u>s/ Craig Stewart</u>
Craig Stewart P.C.
Claire E. Wells Hanson
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Phone: (303) 295-8247
Fax:  (303) 713-6307
cstewart@hollandhart.com
CEWellsHanson@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015 , I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

David W. Edgar
dwe@edgarlawfirm.com

John M. Edgar
jme@edgarlawfirm.com

Michael D. Pospisil
mdp@edgarlawfirm.com

s/ *Claire E. Wells Hanson*

8142390_1